IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

W. LEO DAVIS                              §
                                          §
          Petitioner,                     §
                                          §
VS.                                       §
                                          §        NO. 3-06-CV-2183-N
NATHANIEL QUARTERMAN, Director            §
Texas Department of Criminal Justice,     §
Correctional Institutions Division        §
                                          §
          Respondent.                     §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner W. Leo Davis, appearing *pro se*, has filed an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed on

limitations grounds.

I.

Petitioner was convicted by a jury of attempted capital murder and sentenced to life

imprisonment.  His conviction and sentence were affirmed on direct appeal.  *Davis v. State*, No. 05-

87-01118-CR (Tex. App.--Dallas, Jul. 20, 1988, no pet.).  Petitioner also filed an application for state

post-conviction relief.  The application was denied without written order.  *Ex parte Davis*, No. WR-

1,804-07 (Tex. Crim. App. Jan. 11, 2006).  Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the trial court lacked authority to include

a deadly weapon finding in the judgment.

By order dated December 1, 2006, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on December 12, 2006. The court now determines that the habeas petition should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed application for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846

(1999).  The one-year limitations period is also subject to equitable tolling in "rare and exceptional

circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474

(1999).

B.

Petitioner was sentenced to life imprisonment for attempted capital murder.  The court of

appeals affirmed his conviction on July 20, 1988, and petitioner did not seek further review in the

Texas Court of Criminal Appeals.  Therefore, his conviction became final 30 days thereafter on

August 19, 1988.  *See* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals

renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th

Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further

direct review expires, regardless of when mandate issues).  Petitioner filed an application for state

post-conviction relief on November 16, 2005.  The application was denied on January 11, 2006.

Petitioner filed the instant case on November 21, 2006.

The statute of limitations started to run on April 24, 1996, the date the AEDPA became

effective.  *See Flores*, 135 F.3d at 1005.  Yet petitioner waited more than *nine years* before seeking

post-conviction relief in state or federal court.  In an attempt to excuse this delay, petitioner argues

that he did not know the judgment contained a deadly weapon finding until his parole hearing in

January 2005.  Petitioner attributes his ignorance to the fact that the trial judge refused his request

for a free transcript or access to court documents.  Even if petitioner was denied access to these

materials, it does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA

statute of limitations.  *See, e.g. Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert.

denied*, 121 S.Ct. 1498 (2001) (inability to obtain research materials does not warrant equitable

tolling); *Wright v. Dretke*, No. 3-05-CV-0518-M, 2005 WL 1214905 at *2 (N.D. Tex. May 23, 2005)

(Kaplan, J.), *rec. adopted*, 2005 WL 1639321 (N.D. Tex. Jul. 11, 2005) (petitioner's receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).

Moreover, petitioner's claim still would be time-barred even if the statute of limitations did not begin to run until the last day of January 2005.  Petitioner did not file an application for state post-conviction relief until November 16, 2005-- 289 days after he learned of the deadly weapon finding.  His federal writ was filed on November 21, 2006-- 314 days after the Texas Court of Criminal Appeals denied relief on January 11, 2006.  Even allowing for statutory tolling, petitioner still waited more than one-year before seeking federal habeas relief.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   December 20, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE